CASE 2—INDICTMENT—DECEMBER 4.

# Dye vs. Commonwealth.

### APPEAL FROM PULASKI CIRCUIT COURT.

As the personal attendence of Metcalfe on the final trial was not shown to be impossible, the circuit court erroneously admitted as competent the testimony of Compton and others, reciting the evidence of Metcalfe before the examining court, as to what the defendant said to him concerning the charge of stealing Compton's mare. This error was not cured by instructing the jury to disregard such hearsay evidence, "*except so far as it harmonized with facts afterwards developed.*"

A. J. JAMES,                     For Appellant,

CITED—

2 *Starkie's Evidence, p.* 28.

JOHN RODMAN, Attorney General,          For Appellee,

CITED—

*Criminal Code, sec.* 335.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

As the personal attendance of Metcalfe on the final trial of this case was not shown to be impossible, the circuit court erroneously admitted as competent the testimony of Compton and others, reciting the evidence of Metcalfe before the examining court, as to what the appellant said to him concerning the charge of stealing Compton's mare, and did not cure the error by afterwards instructing the jury to disregard that hearsay, *except so far as it harmonized with facts afterwards developed.* In making this exception, the judge inadvertently misapplied the principle applicable to testimony extorted by duress. What the appellant said, if he said anything, to

Metcalfe, was not extorted by duress, physical or moral; and, therefore, although Metcalfe's recital of it may have been thus extorted, yet the proof of what *he* testified was only hearsay, which, whether extorted from him or not, was not apparently competent against the appellant to any extent.

For this error alone the judgment of conviction is reversed, and the cause remanded for a new trial.